UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:23-cv-62134-KMM

LOUIS VUITTON MALLETIER,

    Plaintiff,

v.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendant.
_____/

**ORDER**

THIS CAUSE came before the Court upon Plaintiff Louis Vuitton Malletier's ("Plaintiff") Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. ("Mot.") (ECF No. 16). The Court referred the Motion to the Honorable Alicia O. Valle, United States Magistrate Judge, to take all necessary and proper action as required by law with respect to Plaintiff's request for a preliminary injunction. (ECF No. 20) at 10. Magistrate Judge Valle held an evidentiary hearing on the Motion on February 1, 2024. (ECF No. 40). On February 6, 2024, Magistrate Judge Valle issued a Report and Recommendation ("R&R") recommending that the Motion be GRANTED. (ECF No. 41). No objections to the R&R were filed, and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

**I.    BACKGROUND**

On November 29, 2023, Plaintiff filed an Amended Complaint against Defendant alleging trademark counterfeiting and infringement, false designation of origin, common law unfair

competition, and common law trademark infringement. *See generally* ("Am. Compl.") (ECF No. 11). Plaintiff is the owner of federally registered trademarks used in connection with the manufacture and distribution of its products. *See id.* ¶¶ 14–22. Defendant is an individual, business entity of unknown makeup, or unincorporated association who, according to Plaintiff, operates an Internet-based e-commerce store operating under the E-commerce Store Name listed in Schedule "A." *Id.* ¶ 7. Plaintiff contends that Defendant either resides in and/or operates in a foreign jurisdiction, redistributes products from the same or similar sources in that location. *Id.*

Plaintiff alleges that Defendant wrongfully reproduces and counterfeits Plaintiff's trademarks "for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across its e-commerce stores." *Id.* ¶ 5. According to Plaintiff, Defendant is "promoting, advertising, distributing, offering for sale, and/or selling goods in interstate commerce bearing and/or using counterfeit and confusingly similar imitations of one or more of the Louis Vuitton Marks" to attract consumers and to sell its goods that are of different quality from those sold by Plaintiff "with the knowledge and intent that such goods will be mistaken for the genuine high-quality goods offered for sale by" Plaintiff. *Id.* ¶¶ 23–24. Plaintiff alleges that Defendant engages in this conduct with knowledge that it is not authorized to use Plaintiff's trademarks. *Id.* ¶¶ 24, 28–29. As Plaintiff asserts that Defendant is likely to transfer or hide its assets to avoid payment of a monetary judgment, Plaintiff claims that it has no adequate remedy at law, is suffering irreparable injury, and has suffered substantial damages from Defendant's infringing Plaintiff's trademarks. *Id.* ¶¶ 34–37. Accordingly, Plaintiff seeks wide-ranging injunctive relief. *See id.* ¶ 64.

## II.  PROCEDURAL HISTORY

January 11, 2024, the Court entered an Order granting Plaintiff's request for a Temporary Restraining Order ("TRO"), temporarily restraining Defendant from infringing Plaintiff's trademarks. (ECF No. 20). The Court also referred Plaintiff's request for a preliminary injunction to Magistrate Judge Valle. *Id.* at 10. Pursuant to the Court's Order, Plaintiff properly served Defendant with a copy of all filings in this matter, including the Complaint, Plaintiff's Motion, the witness declarations, the TRO, and Magistrate Judge Valle's Order setting the preliminary injunction hearing. *See* (ECF Nos. 32, 33, 35, 39). Only counsel for Plaintiff appeared and presented evidence at the February 1, 2024 hearing. R&R at 3. To date, Defendant has not responded to the Motion or appeared in this case.

## III. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the

3

R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

Federal Rule of Civil Procedure 65 authorizes the Court to enter a preliminary injunction. Fed. R. Civ. P. 65. To obtain a preliminary injunction, a party must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–1226 (11th Cir. 2005) (citation omitted).

## IV.     DISCUSSION

As set forth in the R&R, Magistrate Judge Valle finds that Plaintiff demonstrates (1) a substantial likelihood of success on the merits, (2) that it is likely to suffer immediate and irreparable injury in the absence of a preliminary injunction, (3) the threatened injury to Plaintiff far outweighs the potential harm to Defendant, and (4) that entry of a preliminary injunction would serve the public interest. *See generally* R&R. Accordingly, the R&R recommends this Court grant Plaintiff's request for a preliminary injunction. *Id.* at 9.

In the R&R, Magistrate Judge Valle finds that Plaintiff demonstrates a substantial likelihood of success on the merits because: (1) Plaintiff has shown ownership of its trademark rights in certain trademarks; (2) Defendant does not have authorization to use Plaintiff's trademarks; (3) Plaintiff has shown a strong probability that consumers are likely to be confused through Defendant's advertisement, promotion, and/or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of Plaintiff's trademarks; and (4) Plaintiff will likely establish that the products Defendant is selling and promoting for sale are unlicensed copies of Plaintiff's genuine products. *Id.* at 3, 6–7.

Next, Magistrate Judge Valle finds that Plaintiff is likely to suffer immediate and irreparable injury in the absence of a preliminary injunction. *Id.* at 7–8. Specifically, the R&R notes that "Defendant owns or controls commercial Internet-based e-commerce stores . . . to advertise, promote, offer for sale, and sell products bearing Louis Vuitton counterfeit and infringing trademarks." *Id.* at 7. Further, the R&R concludes that "consumers are likely to be misled, confused, and/or disappointed by the quality of these products" and "Plaintiff may suffer loss of goodwill and reputation." *Id.* at 7–8.

Magistrate Judge Valle also finds that the potential harm to Plaintiff's reputation and goodwill as owner of the infringed-upon trademarks far outweighs the potential harm to Defendant resulting from the restraint of Defendant's trade in counterfeit goods bearing those marks. *Id.* at 8. The R&R further finds that the public has an interest in not being misled as to the origin, source, or sponsorship of trademarked products. *Id.*

Finally, the R&R finds that there is good reason to believe Defendant will hide or transfer its ill-gotten assets beyond the jurisdiction of the Court unless those assets are restrained. *Id.* at 9.

The Court received no objections to the aforementioned findings in the R&R. Upon a review of the record, the Court finds no clear error with Magistrate Judge Valle's findings.

## V.  CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 41) is ADOPTED. Plaintiff's Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (ECF No. 16) is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this  21st  day of February, 2024.

*K.M.Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record